Citation Nr: 1755117 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 10-11 730 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a bilateral hip condition, to include as secondary to service-connected left and right knee disabilities.


REPRESENTATION

Veteran represented by: Maxwell D. Kinman, Esq.


ATTORNEY FOR THE BOARD

Laura A. Crawford, Associate Counsel


INTRODUCTION

The Veteran served honorably in the United States Navy from April 1993 to July 1997.

This matter comes before the Board of Veteran's Appeals (Board) on appeal from a February 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Board issued a decision in November 2012 that denied entitlement to service connection for a bilateral hip disorder. The Veteran appealed the November 2012 Board decision denial to the United States Court of Appeals for Veterans Claims Court (Court). In September 2013 the Court issued an order that granted a Joint Motion for Remand (Joint Motion) filed by counsel for both parties, vacated the Board's November 2012 decision, and remanded those matters to the Board for action in compliance with the Joint Motion.

In February 2014 and August 2016, the Board remanded this matter to the Agency of Original Jurisdiction (AOJ) for additional development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDING OF FACT

The Veteran's bilateral hip condition is at as least as likely as not related to her active service. 


CONCLUSION OF LAW

The service-connection criteria for a bilateral hip disorder have been met. 38 U.S.C. §§ 1110, 5103, 5103A (2012); 38 C.F.R. §§ 3.102, 3.303, 3.309. 3.310 (2017).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (noting that nexus may be demonstrated by a showing of continuity of symptomatology where the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a)). 
 
With regard to a present disability, an August 2014 VA examiner diagnosed the Veteran with degenerative joint disease of the bilateral hips. The first service-connection element is met. See Shedden, supra.

With regard to an in-service event, the Veteran's service treatment records do not reflect any complaints specifically relating to the hips. However, upon separation, the Veteran complained of generalized joint pain. Further, the Board has considered and given weight to the consistent statements the Veteran has made regarding the etiology of her hip pain, including March and April 2009 statements to VA medical center (VAMC) providers and the August 2014 statement to the VA examiner that her hip and joint pain began during her military service. Affording the Veteran's consistent statements probative weight, the Board finds the second service-connection element is met. See id. 

The remaining question is whether there is a medical nexus between the Veteran's in-service condition and her bilateral hip disabilities. The evidence on this question is conflicting.

In April 2009, a VAMC treating provider opined the Veteran's bilateral hip osteoarthritis/degenerative joint disease was more likely than not due to her military service. The examiner cited to the service treatment records which indicated the Veteran was seen for generalized joint pains during her active service. In June 2011, the examiner provided an addendum opinion that the Veteran's continued treatment for hip pain was related to her joint pain and inflammation in service. 

The Veteran was afforded a VA examination in August 2014. The examiner opined the Veteran's current bilateral hip disorder was not caused by, a result of, nor had its onset in active service. The examiner opined there was no evidence of a bilateral hip condition during her military service. The examiner also noted the lack of treatment for a hip condition until the Veteran's first complaint in 2004. The examiner opined the Veteran's hip condition is age related. 

In June 2017, a VA physician reviewed the Veteran's claims file to render an opinion on secondary service connection. The examiner opined it is less likely than not that the Veteran's bilateral hip degenerative joint disease is caused by or aggravated by her service connected left and right knee disabilities. 

The Board finds that the evidence regarding whether the Veteran's current hip disorder is related to service is, at a minimum, in equipoise. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. The benefit of the doubt will be conferred in the Veteran's favor. Having satisfied the elements of service connection, the service-connection claim for bilateral hip condition is granted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

ORDER

Entitlement for service connection for a bilateral hip condition is granted.



____________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs